UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JAMES E. TILTON, WARDEN,<br><br>　　　　　　Respondent.<br>_____/ | 1: 07 CV 01334 AWI  WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc.  14] |

　　　Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

　　　On March 14, 2002, Petitioner was convicted of lewd or lascivious act with a child under 14 years with force.  Petitioner admitted a prior serious felony allegation.  The trial court sentenced Petitioner to serve a determinate state prison term of 17 years.

1   Petitioner filed a direct appeal. On January 14, 2004, the California Court of Appeal, Fifth
2   Appellate District ("Court of Appeal"), affirmed the judgment. Petitioner filed a petition for review
3   with the California Supreme Court, which the court denied on March 30, 2004.
4   Petitioner subsequently filed the following ten pro se post-conviction challenges:
5   <u>First Petition</u>
6   March 7, 2005: petition for writ of habeas corpus filed in Kern County Superior Court
7   April 4, 2005:   petition denied.
8   <u>Second Petition</u>
9   August 10, 2005: petition for writ of habeas corpus filed in the Court of Appeal
10  September 15, 2005: petition denied.
11  <u>Third Petition</u>
12  October 3, 2005: petition for writ of habeas corpus filed in Kern County Superior Court
13  October 17, 2005: petition denied.
14  <u>Fourth Petition</u>
15  January 5, 2006: petition for writ of habeas corpus in Court of Appeal
16  January 12, 2006: petition denied.
17  <u>Fifth Petition</u>
18  January 30, 2006: petition for writ of habeas corpus filed in Kern County Superior Court
19  March 8, 2006: petition denied.
20  <u>Sixth Petition</u>
21  March 22, 2006: petition for writ of habeas corpus filed in Kern County Superior Court
22  June 29, 2006: petition denied
23  <u>Seventh Petition</u>
24  November 15, 2006: petition for writ of habeas corpus filed in Kern County Superior Court
25  November 27, 2006: petition denied.
26  <u>Eighth Petition</u>
27  December 5, 2006: petition for writ of habeas corpus filed in Kern County Superior Court
28  January 9, 2007: petition denied.

Ninth Petition

March 15, 2007: petition for writ of habeas corpus filed in Court of Appeal

June 14, 2007: petition denied.

Tenth Petition

July 25, 2007: petition for writ of habeas corpus filed in California Supreme Court

January 30, 2008: petition denied

On September 6, 2007, Petitioner filed the present petition for writ of habeas corpus in this court.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

1  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2       The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

     While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

     Respondent moves to dismiss this petition as untimely and barred by the statute of limitations.  Petitioner opposes the motion.

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1  Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
2  Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5
3  of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be
4  raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."
5  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to
6  dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915
7  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533
8  F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and
9  case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule
10 4.

11 The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
12 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision
13 (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Supreme Court denied review on March 30, 2004. The state appeal process became "final" within the meaning of Section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on June 28, 2004. Supreme Court Rule 13,

Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  The one-year statute of limitations began running the following day - - June 29, 2004.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)).  Thus, absent tolling, the last day to file a federal petition was June 28, 2005.

      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.

      In  Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002),  the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

      In the present case, the statute of limitations began running on  June 29, 2004.   Petitioner filed his first post-conviction habeas corpus petition on March 7, 2005, under the mailbox rule.  See Rule 3(d) of the Rules Governing Section 2254 Cases.  Thus, as Respondent argues, 252 days elapsed before the first petition was filed.

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

Respondent concedes that Petitioner is entitled to tolling of the statute of limitations for the pendency of his first petition.   Therefore, Petitioner is entitled to tolling from March 7, 2005, when the petition was filed, through April 4, 2005, when it was denied.  The statute of limitations began running again on April 5, 2005, and expired on July 27, 2005.  Petitioner did not file his second petition for writ of habeas corpus until August 10, 2005, 15 days after the statute of limitations expired.  This second collateral challenge, filed after the limitations period expired, had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

In his supplemental opposition filed with permission of the court, Petitioner contends that he is entitled to equitable tolling.   The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

In this case, Petitioner claims that he is entitled to equitable tolling because of being out to court for family court appearances, and because of institutional transfers.  The court finds that neither institutional transfers nor a prisoner's own family court appearances  constitute extraordinary circumstances warranting equitable tolling in this case.  See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not

extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).   Petitioner has not met his burden of showing extraordinary circumstances beyond his control which would entitle him to equitable tolling in this case.

In light of the foregoing, the court concludes that this petition, filed over two years after the statute of limitations expired, is barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations; and

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 IT IS SO ORDERED.

10 **Dated:   October 23, 2008**                                **/s/  William M. Wunderlich**
                                                                                  UNITED STATES MAGISTRATE JUDGE