IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON,<br><br>            Petitioner,<br>    v.<br><br>JAMES E. TILTON,<br><br>            Respondent.<br>_____ | 07-cv-1334 AWI WMW HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION<br><br>[Doc. 14, 20] |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On October 24, 2008, the Magistrate Judge filed Findings and Recommendations that recommended Respondent's motion to dismiss be granted and the petition be dismissed for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year statute of limitations. These Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. Petitioner filed objections on November 21, 2008.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, the court finds the Findings and

Recommendations to be supported by the record and by proper analysis. In the objections, Petitioner appears to contend that he was deprived of a state corrective process to exhaust his state claims. The Magistrate Judge did not recommend that the petition be dismissed for Petitioner's failure to exhaust state remedies, and as such, Petitioner's discussion of 28 U.S.C. § 2254(b)'s exhaustion requirement does not provide a basis to not adopt the Findings and Recommendations. Similarly, Petitioner's discussion regarding Rule 4 of the Federal Rules of Civil Procedure and the time frames for service of a federal civil complaint is of no assistance. The time limits for this action are provided for by 28 U.S.C. § 2244(d), and the time limits for filing and responding to the state court petitions filed in the California courts were governed by California law, not Rule 4.

Finally, while unclear from the objections, it is possible that Petitioner now contends that he is entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2) from the time he filed his first state habeas petition in the Kern County Superior Court until the time the Supreme Court denied his tenth habeas petition. As discussed by the Magistrate Judge, the one year limitations period for filing federal habeas corpus petitions is tolled for the period during which a properly filed application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'-- i.e., 'until the completion of' that process." Carey v. Saffold, 122 S.Ct. 2134, 2138 (2002). However, if there is any unreasonable delay in filing the next state petition at the next level, the petition is not deemed "pending" during the period of delay. Id. at 2141. Here, the court cannot find the delay between the first and tenth petitions reasonable. Thus, the objections provide no basis to not adopt the Findings and Recommendations.

//
//

2

Based on the foregoing, it is HEREBY ORDERED  that:

1. The Findings and Recommendations issued by the Magistrate Judge on October 24, 2008, are adopted in full;
2. Respondent's motion to dismiss is GRANTED;
3, The petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations; and
4. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:     January 16, 2009**              /s/ **Anthony W. Ishii**
                                                                             CHIEF UNITED STATES DISTRICT JUDGE