# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON, | 07-CV-1334 AWI WMW HC |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| JAMES E. TILTON, | ORDER DIRECTING CLERK OF THE COURT TO FORWARD THE RECORD TO THE NINTH CIRCUIT |
| Respondent. | |

Petitioner Samuel Derek Jackson, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 20, 2009, the court granted Respondent's motion to dismiss and dismissed the petition because it was not filed within 28 U.S.C. § 2244(d)'s one year statute of limitations. After receiving an extension of time, on March 24, 2009, Petitioner filed a notice of appeal. The Clerk of the Court then processed the appeal and transmitted the record to the Ninth Circuit.

On April 24, 2009, the Ninth Circuit remanded this action back to this court for the limited purpose of granting or denying a certificate of appealability.

//

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In this case, reasonable jurists would not debate whether Petitioner violated 28 U.S.C. § 2244(d)'s statute of limitations. Petitioner's conviction became final in June 2004. Yet, Petitioner did not file his federal habeas corpus petition until over three years later, on September 6, 2007. Reasonable jurists would not find it debatable that Petitioner is neither entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2) or equitable tolling during the time Petitioner filed ten state habeas petitions in the California courts.

//

Accordingly, it is HEREBY ORDERED that:

1. No certificate of appealability SHALL BE ISSUED;
2. The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit;
3. The Clerk of the Court is DIRECTED to forward the record in this action to the Ninth Circuit.

IT IS SO ORDERED.

**Dated:   May 1, 2009**                        　　　　　　　　**/s/ Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE